Dear Sheriff Fewell:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. You ask about procedures required in a tax sale of immovable property. You refer to Act 946 of 2003 which added subsections C, D, and E to La.R.S. 47:2183. Specfically, you ask these questions:
 Can the information that is required in the notice from the purchaser to the prior owner be that of the sheriff instead of the purchaser?
 If the property is a vacant lot or vacant house can the notice be posted on the property instead of trying to find the prior owner in another state?
 If the marshal is hired to deliver the notice can the cost be added to the redemption price the prior owner would have to pay?
The following pertinent subsections of Section 2183 assist in answering these questions:
§ 2183. Immovable property; tax sales; tax deeds
 C. Within thirty days of the tax sale, the purchaser shall provide notice of the sale of that property to the prior owner of the property who failed to pay the taxes on the property by all of the following:
 (1) Mailing to the prior owner, at the last known address of the prior owner, a notice that the property has been sold for taxes. The notice shall provide to the prior owner full and accurate information, including the name, physical address, and telephone number of the purchaser, necessary for the prior owner to contact the purchaser and shall be accompanied by a copy of the deed of sale received by the purchaser under the provisions of this Section and copies of the documents which the purchaser received with that deed of sale. The notice shall inform the prior owner that if he fails to redeem his property prior to the expiration of the three-year redemption period, the purchaser will have the right to seek confirmation of the tax title and take actual possession of the property. The notice required by this Section, and the documents required to be mailed with that notice, shall be mailed by certified mail, return receipt requested.
 (2) Delivering the notice required by this Section, and the documents required to be provided with that notice, to the prior owner, at the last known address of the prior owner. Delivery shall be made during appropriate hours, by leaving the notice and the documents with a person of suitable age and discretion, or, if no person of suitable age and discretion is available, by posting the notice and the documents in a conspicuous place on the property.
 D. No earlier than nine months and no later than six months before the end of the three-year redemption period, the purchaser shall provide a second notice of the sale of the property to the prior owner of the property. The second notice shall be provided in the same manner as the notice required in Subsection C of this Section.
 E. The provisions of this Section shall not apply to sales of property which have been adjudicated to a parish or a municipality and which is sold under the provisions of Subpart E of Part II of Chapter 6 of Title 33 of the Louisiana Revised Statutes of 1950.
Subsection C.(1) answers whether or not a tax purchaser must give certain personal information in a notice of sale. The purchaser is required to give notice that the property has been sold for taxes; the name, physical address and telephone number of the purchaser; a copy of the deed of sale and copies of documents received by the purchaser with the deed of sale. The notice shall also inform the prior owner that if he fails to redeem the property prior to the end of the three-year redemption, the purchaser has the right to seek confirmation of the tax title and take possession of the property. A reading of the wording in this subsection is unambiguous. The notice to the prior owner requires certain information and makes no provision for substituting information for anyone other than that of the purchaser. While this office would agree that many purchasers might be uneasy in giving personal information in tax sale notices, the statute is plain in what it requires.
Your second question asks about finding an out-of-state prior owner for a vacant lot or vacant house. This question is answered by subsections C.(1) and (2) which require the notice and other documents be mailed by certified mail, with a return receipt requested to the last known address of the prior owner. According to the statute, delivery of this notice shall be made during appropriate hours by leaving the notice and other documents with a person of suitable age and discretion. If no person of suitable age or discretion is available, delivery shall be by posting the notice and documents in a place on the property.
It appears that proper notice depends on using the proper procedure in notifying a prior owner. It does not depend on whether the property which has been sold at a tax sale is a vacant lot or vacant house. Only if a person of suitable age and discretion is not available, can notice be effected by posting the notice and documents in a conspicuous place on the property. It does not matter if the prior owner lives out-of-state or in close proximity to the property.
Your third question is answered in part by C.(1) and (2). These subsections require the prior owner be notified by certified mail, with a return receipt requested. If a person of suitable age and discretion is not available to receive the notice and accompanying documents, notice shall be by posting the notice and documents in a conspicuous place on the property. It does not make sense that the marshal would be hired to send the notice by certified mail, only if the notice is accomplished by posting it on the property. There are no provisions in the statute for hiring a marshal to post this notice, and it follows that there are no provisions for paying the marshal for posting the notice.
We trust your questions have been answered. However, if you should need anything further from this office do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
CCF, Jr.:FJP:sc